96 So.2d 820

Charlie HUNTER and C. D. Shaddix, Jr.

v.

STATE.

7 Div. 446.

Court of Appeals of Alabama.

Aug. 27, 1957.

Love & Hines, Talladega, for appellant.

John Patterson, Atty. Gen., and Robt. G. Kilgore, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Defendants, Charlie Hunter and C. D. Shaddix, Jr., were charged separately with illegal possession of prohibited liquors. Section 98, Title 29, Code 1940. By agreement, the cases were tried as one with a separate verdict and judgment in each. The jury found both defendants guilty. A $50 fine was assessed against Hunter. The court imposed a sentence of four

months at hard labor. The jury assessed a fine of $125 against Shaddix. The court imposed a sentence of six months at hard labor. The defendants have perfected a joint appeal to this court.

The State's evidence was presented by the Sheriff of Clay County and two deputies, each of whom testified that on the night of the alleged commission of the offense they were riding in an automobile driven by the sheriff, when they observed an automobile entering the highway from a side road at a point between Ashland and Lineville. They turned around, followed the car and overtook it near Lineville. Both defendants were in the car, which was being driven by Fred Denny. Defendant Hunter was in the back seat, and defendant Shaddix was in the front seat. After the sheriff blew the siren and brought the other car to a stop, defendant Shaddix got out of the automobile, came around in front of the car's headlights and started across the street. The sheriff and one of the deputies gave chase and just before they reached him Shaddix threw down a gallon jug of whiskey which burst in the street.

While the two officers were chasing Shaddix the third officer went to the back seat of the automobile where Hunter was sitting and found one full gallon and one half gallon of whiskey on the floor between Hunter's legs.

For the defendants, Fred Denny testified that defendant Shaddix had come to his home in a taxicab that evening to get an automobile he had left for repairs. The repairs had not been completed and Denny offered to drive him home. On the way they picked up defendant Hunter, who testified he had been visiting his brother-in-law. Denny testified the whiskey belonged to him and neither defendant exercised any dominion or control over it.

Both defendants denied ownership or possession of the whiskey and all three of the defense witnesses denied that Shaddix was chased by the officers and burst a ·gallon jug containing whiskey.

 The evidence was sufficient to sustain the judgment of conviction. The motion for a new trial was properly overruled.

We have not been furnished briefs in behalf of defendants, but we have searched the record, as required by statute, and no reversible error appearing, the judgment of conviction is affirmed.

Affirmed.